1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11  AMERICAN NATIONAL RED CROSS, a
    nonprofit organization created
12  by an Act of Congress,
                                    NO. CIV. 07-01236-WBS-DAD
13            Plaintiff,

14       v.                         MEMORANDUM AND ORDER RE:
                                    MOTION FOR LEAVE TO ESCROW
15                                  EXPENSE AND TAX PAYMENTS
    UNITED WAY CALIFORNIA CAPITAL
16  REGION, a California
    corporation, and DOES 1-10,
17  inclusive,

18            Defendants.

19                         ----oo0oo----

20            Plaintiff American National Red Cross ("Red Cross")

21  brought this action seeking to exercise a contractual option to

22  buy property contained in a lease held by defendant United Way

23  California Capital Region ("United Way").  Plaintiff now asks

24  this court to exercise its equitable powers to permit all future

25  expense and tax payments due under the lease to be placed in an

26  interest-bearing escrow account as opposed to being paid to

27  United Way.

28  ///

1  I.   Factual and Procedural Background

2        The Red Cross is a nonprofit organization created by an

3  act of Congress, 36 U.S.C. §§ 300101 et seq., that does business

4  in Sacramento County through an affiliated entity known as the

5  Sacramento-Sierra Chapter of the American Red Cross (the

6  "Chapter").  (Declaration of Julie Van Dooren ¶¶ 2-3.)  Beginning

7  in 1988, the Chapter leased a 26,099 square foot building (the

8  "property"), as well as a pro rata share of the property's common

9  areas.  (Id. Ex. A.)

10        In recognition of the Chapter's contributions to the

11  community, the lessor agreed to donate the building (as well as

12  its portion of the common areas) to the Chapter at the end of the

13  twenty-year lease term.  (Id. Ex. B ("Agreement to Donate").)

14  Over the next two decades, the property changed hands several

15  times, and the lease was subsequently amended so that the

16  "Agreement to Donate" became an "Option to Buy" (for one dollar

17  ($1.00)), exercisable at the end of the lease.  (Id. Exs. C &

18  D.)[1]

19        As a condition of the lease, the Chapter agreed to pay

20  its proportionate share of real property taxes, cleaning, repairs

21  and maintenance, utilities, landscaping, security, management

22  fees, and insurance.  (Id. ¶ 15.)  Accordingly, for the past

23  thirteen years, the Chapter has paid the tax and expense amounts

24  charged by the current owner, United Way.  (Id. Ex. E.)  However,

25

26        [1]   In 1996, the lease was also amended so that the Chapter
    no longer rented the entire two-story building, only the first
27  floor.  (Id. Ex. E.)  Accordingly, the rent, as well as tax and
    expense payments, were reduced to 48.87% of their previous
28  amounts.  (Id.)

1  beginning in approximately mid-2006, the Chapter began to

2  question the veracity of the expenses and taxes charged by United

3  Way.  The Chapter requested documentation to support the charges,

4  and asserts that the United Way refused to provide any such

5  documentary support.  (Id. ¶ 20, Ex. H.)

6          The United Way now intends to sell the property and

7  contends that it has the unilateral right to sell free of the

8  Chapter's option to buy.  (Id. ¶ 21.)  Accordingly, on June 25,

9  2007, the Red Cross filed suit based on the United Way's

10  purported failure to honor the option to purchase, alleging: 1)

11  breach of contract--refusal to provide short form memorandum of

12  Red Cross's opinion 2) breach of contract--refusal to provide

13  tentative parcel map for Red Cross's approval; 3) accounting; and

14  4) declaratory relief.  Separate from the main action, the

15  Chapter now asks this court to permit all future payments of

16  taxes and expenses due to United Way under the lease to be paid

17  into an interest-bearing escrow account.

18  II.   Discussion

19       A.   Legal Standard

20          The district court has the inherent power "to do equity

21  and to mould each decree to the necessities of the particular

22  case."  Porter v. Warner Holding Co., 328 U.S. 395, 398 (1946)

23  (quoting Hecht Co. v. Bowles, 321 U.S. 321, 329 (1944)).

24  Moreover, "the court may go beyond the matters immediately

25  underlying its equitable jurisdiction and decide whatever other

26  issues and give whatever other relief may be necessary under the

27  circumstances."  Id.  The "comprehensiveness of this equitable

28  jurisdiction is not to be denied or limited in the absence of a

3

1 clear and valid legislative command." Id.

2         While the inherent equitable powers of this court are

3 broad, equity would not be served by ordering that the Chapter

4 make all future payments into an escrow account.  Plaintiff

5 admits that it contracted with defendant to pay its share of

6 taxes, utilities, and other expenses, and thus remains obligated

7 to continue to pay those amounts while the litigation is on-

8 going.  Plaintiff merely disputes the amounts of past payments,

9 which provides the basis for Red Cross's third claim seeking an

10 accounting of all amounts paid to United Way pursuant to the

11 lease.  Thus, at the hearing on this motion, Red Cross professed

12 that the underlying justification for the present motion is a

13 fear that if they prevail on their accounting claim, they would

14 be unable to recover any monetary judgment from either United Way

15 or from a subsequent purchaser of the property.

16         If there was some suggestion that United Way or a

17 subsequent purchaser would be unable to respond to a judgment on

18 plaintiff's accounting claim, then plaintiff's fears might be

19 well founded.  However, there is no evidence to support such an

20 assertion.  First, there is no suggestion from Red Cross, nor is

21 there any evidence to indicate, that United Way would be

22 insolvent or otherwise unable to pay a monetary judgment

23 resulting from this action.  Indeed, at the hearing on this

24 motion, counsel for United Way acknowledged that the lease

25 requires such an accounting upon expiration, and that United Way

26 has every intention of going forward with such an accounting.

27 The disputed amounts in question (several thousand dollars a

28 month) do not seem so burdensome as to believe they would

4

1  threaten the financial solvency of United Way.

2         With respect to Red Cross's ability to recover a

3  monetary judgment from a subsequent purchaser of the property,

4  United Way represented at the hearing on this motion that a <u>lis</u>

5  <u>pendens</u> regarding this litigation has been recorded on the

6  property.  A <u>lis</u> <u>pendens</u> gives notice of this litigation to any

7  potential buyers and secures Red Cross's claim, so that a

8  subsequent sale will not diminish Red Cross's right to the

9  disputed amounts should they prevail.  <u>See</u>, <u>e.g.</u>, <u>Campbell v.</u>

10 <u>Superior Court</u>, 132 Cal. App. 4th 904, 910 (2005) (explaining the

11 history and purpose of <u>lis</u> <u>pendens</u> statutes).  Thus, the property

12 cannot be sold without satisfying any judgment that may be

13 awarded in Red Cross's favor.

14         Because the court has every confidence that a judgment

15 entered for Red Cross would be satisfied, the court can see no

16 reason to grant Red Cross leave to pay all future tax and expense

17 payments under the lease into an escrow.  <u>See</u> <u>Nankin v. Beverly</u>

18 <u>Enterprises-Wisconsin, Inc.</u>, 774 F. Supp. 540, 541 (E.D. Wis.

19 1991) (in a dispute between lessor and lessee, district court

20 ordered lessor to place security deposit in escrow, but ordered

21 the lessee to continue paying rent to the lessor, noting that "it

22 would be unfair to deprive the landlord of the steady stream of

23 income for which they had contracted").  Accordingly, the court

24 will deny plaintiff's motion.  <u>See</u> <u>Porter</u>, 328 U.S. at 398-99

25 (noting that a court's decision to exercise its equitable powers

26 is left up to its broad discretion).

27 ///

28 ///

1          IT IS THEREFORE ORDERED that plaintiff's motion for

2    leave to escrow expense and tax payments be, and the same hereby

3    is, DENIED.

4    DATED:  August 22, 2007

5

6    _____

7    WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28