UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AMERICAN NATIONAL RED CROSS, a non-profit corporation created by an act of Congress,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED WAY CALIFORNIA CAPITAL REGION, a California corporation; VOLEN PROPERTIES 10, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>        Defendants.<br>_____/<br><br>AND RELATED COUNTERCLAIMS<br>_____/ | NO. CIV. S-07-1236 WBS DAD<br><br><u>ORDER RE: EVIDENTIARY OBJECTIONS</u> |

----oo0oo----

        Plaintiff and counter-defendant Sacramento-Sierra Chapter of the American National Red Cross ("Red Cross") brought this action to resolve disputes arising from its lease of and alleged option to purchase an ownership interest in the property

1

it leases from defendant Volen Properties 10, Inc. ("Volen"). Before the court are 1) Red Cross's motion for summary judgment with respect to its claims against Volen regarding its alleged option; and 2) Red Cross's special motion to strike defendant and counter-plaintiff United Way California Capital Region's ("United Way") counterclaims.[1]

In response to Red Cross's motion for summary judgment, Volen filed thirty objections to statements in Red Cross's memorandum in support of its motion and Julie Van Dooren's affidavit and supporting documents.  Essentially, Volen contends that the statements relating to the services Red Cross provides, its past and present relationship with United Way, and Volen's alleged conduct since it purchased the property from United Way. are not relevant to the validity of Red Cross's option.

In an apparent effort to counter Volen's objections in kind, Red Cross submitted fifty-six objections one week before the scheduled hearing on its motions.  Red Cross's objections cover the gamut of the Federal Rules of Evidence: lack of foundation, hearsay, relevance, best evidence rule, improper legal conclusion, improper legal argument, improper lay opinion, argumentative, and vague, ambiguous, and uncertain.  Red Cross also submitted a twenty-four-page Response to Volen's Statement of Disputed Facts in which, using verbatim language thirty-two times, Red Cross contends that statements in Anderson's declaration are immaterial.

---

[1] Red Cross's special motion to strike is made pursuant to California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, Cal. Civ. Proc. Code § 425.16

1	While the parties may be willing to expend all of the
2	money they have set aside to fund this litigation on make-work
3	procedural maneuvering, this court cannot afford such luxury.  In
4	<u>Burch v. Regents of the Univ. of Cal.</u>, 433 F. Supp. 2d 1110,
5	1118-24 (E.D. Cal. 2006), this court took the opportunity to set
6	forth, in some detail, its views concerning this kind of
7	gamesmanship.  Counsel are invited to read and take heed of the
8	court's admonitions in that case.

9	While it is questionable whether the parties'
10	objections will affect the court's resolution of Red Cross's
11	motions, the court cannot ignore the eighty-six objections that
12	Red Cross and Volen have filed.  Accordingly, the hearing
13	scheduled for April 14, 2008 at 2:00 p.m. is vacated and a
14	hearing on the evidentiary objections is set for May 12, 2008 at
15	2:00 p.m.  Before the hearing, the parties are instructed to
16	revise their supporting memoranda and affidavits with the goal of
17	eliminating any unnecessary or inadmissible statements or
18	documents that could provoke objections.  The parties shall file
19	any revised memoranda or affidavits on or before April 16, 2008.

20	After reviewing any revised materials, Red Cross and
21	Volen shall resubmit their remaining objections, if any, on or
22	before April 23, 2008.  The parties shall eliminate all frivolous
23	objections and ensure that any remaining objections conform with
24	the letter and spirit of <u>Burch</u> and <u>Celotex Corp. v. Catrett</u>, 477
25	U.S. 317 (1986).  Each party shall then file a respective
26	response to any objections on or before April 30, 2008 and the
27	objecting party may file a reply on or before May 5, 2008.
28	The hearings on Red Cross's motion for summary judgment

3

and anti-SLAPP motion will be rescheduled for a later date after the evidentiary objections have been resolved.

IT IS SO ORDERED.

DATED: April 9, 2008

*(signature)*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4