1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AMERICAN NATIONAL RED CROSS,

11           Plaintiff,                    No. CIV S-07-1236 WBS DAD

12        v.

13   UNITED WAY CALIFORNIA CAPITAL
     REGION, et al.,                       ORDER
14
             Defendants.
15   _____/

16           Defendant Volen Properties 10, LLC ("Volen") has filed a motion to extend the

17   deadlines for discovery and for expert designation.  The motion has been brought pursuant to Federal

18   Rule of Civil Procedure 16(b)(4) and is set for hearing on May 23, 2008.  The undersigned finds that

19   further briefing and oral argument are not necessary.  Accordingly, the motion is taken under

20   submission pursuant to Local Rule 78-230(h).

21           When this case was filed on June 25, 2007, the sole named defendant was United Way

22   California Capital Region.  On August 31, 2007, the district judge filed a Status (Pretrial Scheduling)

23   Order that required the parties to disclose experts on or before January 2, 2008, to disclose rebuttal

24   experts on or before February 15, 2008, to complete all discovery by May 30, 2008, and to file

25   dispositive motions on or before June 30, 2008.  Final Pretrial Conference was set for September 8,

26   2008, and court trial was set for December 2, 2008.

                                              1

1    The Status (Pretrial Scheduling) Order provided that if defendant United Way sold the

2    property that is the subject of this litigation within 30 days after the date of the order, plaintiff had

3    leave of court to file an amended complaint adding the purchaser as a defendant in the action.  On

4    October 9, 2007, plaintiff filed a timely amended complaint adding two defendants, one of which is

5    defendant Volen.  Defendant Volen's motion to dismiss was granted in part and denied in part on

6    December 19, 2007, just two weeks prior to the parties' deadline for disclosing experts and producing

7    expert reports.  By stipulation and order filed January 7, 2008, the deadline for disclosing experts was

8    extended from January 2, 2008, to June 16, 2008, and the deadline for disclosing rebuttal experts was

9    extended from February 15, 2008 to July 30, 2008.

10    In the months that followed the scheduling modifications made on January 7, 2008, one

11    of the new defendants was dismissed, and plaintiff was permitted to file a second amended complaint.

12    Counterclaims were alleged and amended, a cross-complaint was filed, and appropriate responsive

13    pleadings were filed.  Responsive pleadings were filed as recently as April 16, 2008.  Plaintiff's motion

14    to strike one of defendant United Way's counterclaims is pending, as is plaintiff's motion for summary

15    adjudication against defendant Volen.  An evidentiary hearing is set for May 15, 2008, fifteen days

16    before the discovery deadline.

17    Defendant Volen seeks to modify the discovery and expert designation deadlines based

18    on the following circumstances:  defendant Volen's first appearance in the case was by motion to

19    dismiss heard December 10, 2007; the firm now representing defendant Volen substituted in as counsel

20    of record in January 2008; amended complaints, counterclaims, and cross-complaints were filed as

21    recently as late February 2008, and responsive pleadings were filed as late as April 2008; pending

22    motions are to be argued after evidentiary issues are resolved; the parties' initial disclosures identified

23    18 categories of documents, but only defendant United Way has responded to written discovery to date;

24    although 24 witnesses were named in the parties' initial disclosures, no depositions have been taken;

25    when defendant Volen entered the case, 50,000 pages of documents had been produced and had to be

26    reviewed; in March, defendant Volen propounded discovery on plaintiff and is awaiting responses;

1   plaintiff's counsel requested rescheduling of the five depositions scheduled by defendant Volen.

2   Defendant Volen states that significant discovery remains to be completed, including as many as 20

3   depositions as well as expert disclosures and depositions.

4        Defendant Volen asks the court to extend the discovery deadline from May 30, 2008, to

5   July 30, 2008.  Counsel indicates that defendant United Way agreed to stipulate to the extension, but

6   plaintiff would stipulate only if all parties stipulated to stay discovery pending rulings on plaintiff's

7   pending motions.  In light of the December 2, 2008 trial date, defendant Volen is, quite reasonably,

8   unwilling to propose a stay of discovery for a period of time that cannot be ascertained.

9        The Status (Pretrial Scheduling) Order filed August 31, 2007 provides that requests to

10  modify the dates or terms of the order may be heard and decided by the assigned magistrate judge,

11  except that all requests to change the dates of the Final Pretrial Conference and/or trial must be heard

12  and decided by the district judge.  When defendant Volen's motion was filed, the extension of time

13  requested could not be granted by the undersigned because a new discovery deadline of July 30, 2008

14  would require extending the time for filing dispositive motions to August 29, 2008, and motions filed

15  on August 29, 2008 could not be heard and decided prior to the September 8, 2008 Final Pretrial

16  Conference.

17       On May 1, 2008, the district judge issued a minute order extending the deadline for

18  filing dispositive motions to August 29, 2008, and continuing the Final Pretrial Conference to

19  November 17, 2008, but retaining the December 2, 2008 trial date.  These modifications make it

20  possible for the undersigned to grant defendant Volen's motion.

21       Under the circumstances described in defendant Volen's motion and summarized in this

22  order, the undersigned finds good cause to grant the motion.  Defendant United Way is not opposed to

23  the proposed extensions of time.  Although plaintiff apparently opposes the motion on the ground that a

24  stay of all discovery would be preferable, plaintiff has not moved for a stay.  The undersigned will

25  extend the deadline for completion of discovery to July 30, 2008, and will also extend the deadlines for

26  expert designation so that presently existing intervals are maintained.

1    Good cause appearing, IT IS HEREBY ORDERED that:

2         1.  Defendant Volen's April 22, 2008 motion to extend the discovery and expert

3    designation deadlines is taken under submission pursuant to Local Rule 78-230(h) and is dropped from

4    the court's May 23, 2008 law and motion calendar;

5         2.  Defendant Volen's April 22, 2008 motion is granted;

6         3.  The deadline for completion of discovery, as defined in the August 31, 2007 Status

7    (Pretrial Scheduling) Order, is extended from May 30, 2008, to July 30, 2008;

8         4.  The deadline for disclosing experts and producing reports in accordance with Fed. R.

9    Civ. P. 26(a)(2) is extended from June 16, 2008, to August 15, 2008;

10        5.  The deadline for disclosing rebuttal experts and producing reports in accordance with

11   Fed. R. Civ. P. 26(a)(2) is extended from July 30, 2008, to September 29, 2008.

12   DATED: May 2, 2008.

13

14   _____

15   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

16   DAD:kw
     DDad1/orders.civil/amnatlredcross1236.mot.extend

17

18

19

20

21

22

23

24

25

26