UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMERICAN NATIONAL RED CROSS, a non-profit corporation created by an act of Congress,

    Plaintiff,

    v.

UNITED WAY CALIFORNIA CAPITAL REGION, a California corporation; VOLEN PROPERTIES 10, L.L.C., a California limited liability company; and DOES 1-10, inclusive,

    Defendants,
_____/
AND RELATED COUNTERCLAIMS.
_____/

NO. CIV. S-07-1236 WBS DAD

<u>ORDER RE: RULE 56(f) REQUEST FOR CONTINUANCE</u>

----oo0oo----

    Plaintiff and counter-defendant Sacramento-Sierra Chapter of the American National Red Cross ("Red Cross") brought this action to resolve disputes arising from its lease of and

1

alleged option to purchase an ownership interest in the property it leases from defendant Volen Properties 10, L.L.C. ("Volen"). Red Cross filed a Motion for Summary Adjudication/Judgment on February 25, 2008.  Due to the numerous evidentiary objections the parties filed, the court vacated the April 14, 2008 hearing on Red Cross's motion and established procedures for the parties to respond to the evidentiary objections.  (Apr. 9, 2008 Order.) After the court held a hearing on the evidentiary objections on May 12, 2008, Red Cross withdrew its objections and the court set Red Cross's Motion for Summary Adjudication/Judgment for May 27, 2008.  In its original opposition and at the hearing on the evidentiary objections, Volen stated that it needed additional time for discovery and, on May 16, 2008, Volen requested a continuance pursuant to Federal Rule of Civil Procedure 56(f).

Federal Rule of Civil Procedure 56(f) provides that, "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f).  For a court to grant a Rule 56(f) request, the party requesting it "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  A court must liberally construe a Rule 56(f) request and "should continue a

2

summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." Id.; Visa Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986).

The court's resolution of Red Cross's motion revolves around the interpretation of the Third Amendment to the parties' lease. Under California law, "a party may present extrinsic evidence to show that a facially unambiguous contract is susceptible of another interpretation." Maffei v. N. Ins. Co. of N.Y., 12 F.3d 892, 898 (9th Cir. 1993) (citation omitted); see also Barris Indus., Inc. v. Worldvision Enters., Inc., 875 F.2d 1446, 1450 (9th Cir. 1989) ("[E]ven if a contract appears to be absolutely clear on its face, the court is required to engage in preliminary consideration of extrinsic evidence to see whether it creates an ambiguity."). If the non-moving party shows that the contract is reasonably susceptible to a conflicting interpretation, summary judgment is ordinarily "improper because differing views of intent of parties will raise genuine issues of material fact." Maffei, 12 F.3d at 898 (citation omitted).

In his affidavit, Volen's counsel, Douglas E. Kirkman, explains that Volen seeks a continuance to 1) submit evidence obtained in John Stroud's deposition; 2) complete Karal Cottrell's deposition; and 3) take Gail Goulding, Brian Bolton, and Dale Ginter's depositions. Volen contends the depositions of these individuals are necessary to its opposition of Red Cross's motion because Red Cross indicated that the individuals have knowledge about Red Cross's intent in entering into the Third Amendment. Kirkman further explains that Volen needs a

continuance to allow it to obtain 1) supplemental disclosures Red Cross indicated it may make; 2) a response to Volen's interrogatory about the negotiations giving rise to the Third Amendment; and 3) responses to several of Volen's document production requests.  Volen contends this evidence is essential to its opposition of Red Cross's motion because the evidence will contain facts about the parties' negotiations and Red Cross's interpretation of the Third Amendment after the parties executed it.

Red Cross argues that these additional facts are not essential to Volen's opposition to Red Cross's motion because they are merely cumulative of the facts already before the court. (See Red Cross's Opp'n to Volen's Rule 56(f) Req. 3 (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994); Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993)).)  Specifically, Red Cross contends that, because Volen has attempted to prove that the Third Amendment is reasonably susceptible to its interpretation with extrinsic evidence in James F. Anderson's declaration, Volen does not need to submit additional extrinsic evidence to support its interpretation.  If Volen's request relied solely on the fact that the court might find extrinsic evidence from other witnesses or documents more credible than Anderson's declaration, the additional evidence would not be essential to Volen's opposition because the court cannot make credibility determinations on a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 990 (9th Cir. 2006) ("[Summary judgment is

4

improper if interpreting the contract] turns upon the credibility of conflicting extrinsic evidence, or if 'construing the evidence in the nonmovant's favor, the ambiguity can be resolved consistent with the nonmovant's position.'") (citations omitted).

Volen's request, however, is not limited to seeking potentially more credible evidence that would serve a purpose identical to Anderson's declaration.  For example, Volen seeks to discover internal Red Cross memoranda written after June 2001 to show that Red Cross believed it was entitled to only a share in the proceeds of a post-2001 sale.  See Employers Reinsurance Co. v. Superior Court, 161 Cal. App. 4th 906, 920 (2008) ("The use of 'course of performance' evidence as extrinsic evidence is acknowledged in case law and was ultimately codified in Code of Civil Procedure section 1856.  As with all extrinsic evidence, course of performance evidence can be used not only to interpret an ambiguity, but also to reveal one in language otherwise thought to be clear.").  Volen also seeks to obtain evidence about the "circumstances under which the agreement was made." See Cal. Civ. Proc. Code § 1856(g) ("[The parol evidence rule] does not exclude other evidence of the circumstances under which the agreement was made or to which it relates . . . ."); id. § 1860 ("For the proper construction of an instrument, the circumstances under which it was made, including the situation of the subject of the instrument, and of the parties to it, may also be shown, so that the Judge be placed in the position of those whose language he is to interpret.").

Therefore, because Volen can withstand Red Cross's motion if the court concludes that the Third Amendment is

5

reasonably susceptible to Volen's interpretation, Volen is entitled to offer extrinsic evidence to this effect for all of the purposes that the parol evidence rule permits.  While Red Cross understandably desires a decision on the motion it filed almost three months ago--and the court gains no pleasure in having to continually postpone a potential resolution to the issue at the forefront of this case--Rule 56(f) entitles Volen to obtain the evidence it needs to oppose Red Cross's motion. Accordingly, the court will grant Volen's Rule 56(f) request and continue the hearing on Red Cross's Motion for Summary Adjudication/Judgment.[1]

      IT IS THEREFORE ORDERED that the hearing on Red Cross's Motion for Summary Adjudication/Judgment be, and the same hereby is, CONTINUED to September 15, 2008 at 2:00 p.m.  The parties may conduct discovery until July 30, 2008.  Volen shall submit an amended opposition to Red Cross's motion by August 11, 2008 and Red Cross shall submit an amended reply no later than August 18,

---

[1] Red Cross also argues that the court should deny Volen's Rule 56(f) request because Volen has not been diligent in obtaining discovery.  See Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990) ("The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past . . . .").  The court will not deny Volen's request on this ground because, on May 2, 2008, Magistrate Judge Drodz found the requisite good cause to grant Volen's motion to extend the discovery deadline to July 30, 2008.  (May 2, 2008 Order 3:21-23); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

1  2008.[2]  The parties may then file any objections to newly-
2  submitted evidence by August 18, 2008;[3] the non-objecting party
3  shall file a response to any objections by August 25, 2008; and
4  the objecting party may file a reply by September 1, 2008.  The
5  parties are admonished that if their evidentiary objections are
6  too numerous, the court may have to limit the September 15, 2008
7  hearing to the evidentiary objections and reset the hearing on
8  Red Cross's Motion for Summary Adjudication/Judgment once the
9  evidentiary objections have been resolved.
10 DATED:  May 23, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2]  When deciding Red Cross's Motion for Summary Adjudication/Judgment, the court will not consider any of the materials the parties submitted in support of or opposition to Volen's Rule 56(f) request unless such materials are included in Volen's opposition or Red Cross's reply.

[3]  In electing to file evidentiary objections, the parties are instructed to adhere to this court's April 9, 2008 Order and limit such objections to evidentiary issues.  (Apr. 9, 2008 Order 3:22-25.)